UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                     Case No. 8:12-cv-669-T-23AEP

JOHN DOES 1-9,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court upon John Doe 4's Motion to Sever & Dismiss and/or Issue a Protective Order (Dkt. No. 8), Plaintiff's Motion for Direction and to Temporarily Enjoin Defendant From Filing Motion to Quash (Dkt. No. 9), John Doe 3's Motion to Quash or Modify Subpoena (Dkt. No. 11), the responses thereto (Dkt. Nos. 14, 15, 16), and John Doe 8 and John Doe 9's Motion to Sever, Dismiss, or Issue Protective Order (Dkt. No. 24). Initially, Plaintiff filed this action alleging direct and contributory copyright infringement under the United States Copyright Act, 17 U.S.C. §§101 *et seq*. ("Copyright Act"), against nine unnamed Defendants (collectively, "the John Doe Defendants") for unlawfully reproducing, distributing, or transmitting a motion picture for which Plaintiff holds the copyright (Dkt. No. 1). Plaintiff identified the Internet Protocol ("IP") addresses for the John Doe Defendants from which the allegedly infringing conduct has occurred and sought to issue third-party subpoenas to the John Doe Defendants' Internet Service Providers ("ISPs") to ascertain the John Doe Defendants' true identities prior to the scheduling conference required under Rule 26(f), Federal Rules of Civil

# EXHIBIT A

Procedure (Dkt. No. 3). The Court granted Plaintiff's motion and allowed Plaintiff to serve the ISPs with a subpoena seeking the John Doe Defendants' personally identifying information (Dkt. No. 5). Following that, the parties filed the instant motions, after which the Court held a hearing.

By the motions, the parties seek a variety of relief. John Doe 4, John Doe 8, and John Doe 9 request the Court to sever and dismiss John Doe Defendants 2-9 and to grant a protective order in connection with the subpoenas directed at the ISP.[1] Namely, they contend joinder is inappropriate given that Plaintiff's claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences and that joinder will result in a lack of judicial economy and will prejudice the John Doe Defendants moving forward. Further, they argue that the Court should enter a protective order preventing or limiting the disclosure of personally identifying information by the ISP both to protect them from annoyance, embarrassment, oppression, undue burden and expense, and disclosure of confidential information and because the information sought by the subpoena is irrelevant. Additionally, they request that any party seeking to file with the Court any of his or her confidential and personally identifying information obtained from the ISP make such a filing as a restricted document or essentially under seal. Similarly, John Doe 3 requests the Court quash or modify the subpoena arguing that (1) release of the subpoenaed information would unduly prejudice him or her; (2) Plaintiff has improperly joined all the John Doe Defendants; and (3) the information sought by the subpoena is irrelevant given that an IP address does not necessarily identify the purported infringing individual. Lastly, Plaintiff seeks

---

[1] Plaintiff has filed a Notice of Settlement and Voluntary Dismissal Without Prejudice of John Doe 4 (Dkt. No. 23). Accordingly, John Doe 4's motion is moot.

2

to enjoin the John Doe Defendants from filing a motion to quash the subpoenas in the court in New Jersey, the court from which the subject subpoenas were issued, and seeks guidance from the Court regarding the appropriate location for issuance of the subpoena.

As to the issues of severance and dismissal based on improper joinder, the Court finds these issues premature given that the John Doe Defendants have not yet been served with process since their true identities are not currently known to Plaintiff. As another district court aptly noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If, as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those third parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

*West Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 14 (D.D.C. 2011). Accordingly, if Plaintiff names any of the John Doe Defendants as Defendants in this action, the issues may be raised at that time. Currently, however, the John Doe Defendants' requests for severance or to dismiss are denied.

Regarding the John Doe Defendants' arguments as to issuance of a protective order preventing or limiting the disclosure of personally identifying information by the ISP to protect the John Doe Defendants from annoyance, embarrassment, oppression, undue burden and expense, and disclosure of confidential information and because the information sought by the subpoena is irrelevant, the Court is unpersuaded. As the Court's April 16, 2012 Order clearly

3

indicates, the Court found good cause for granting Plaintiff's *ex parte* motion for leave to serve third-party subpoenas and allowing Plaintiff to proceed with expedited discovery in this matter (Dkt. No. 5). To reiterate, Plaintiff has shown that it holds a copyright and that a forensic investigation has revealed potential infringement of its rights in its copyrighted work. Furthermore, Plaintiff has specifically identified the information it seeks through the expedited discovery and shown it has no other means to obtain the information (*id.*). Any arguments to the contrary are simply without merit. For instance, the John Doe Defendants contend that the identification of the IP address holder will not necessarily identify the purported copyright infringer. That may very well be the case. Notwithstanding, the information sought is still relevant and discoverable. Indeed, Rule 26, Federal Rules of Civil Procedure, defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence." *Id*. The information sought by Plaintiff falls squarely within this broad scope of discovery and is therefore warranted in this matter.

However, John Doe 8 and John Doe 9's Motion to Sever, Dismiss, or Issue Protective Order (Dkt. No. 24) elegantly frames the core issues of concern presented by the Plaintiff's early discovery requests upon the ISPs, to wit: (1) the potential for innocent persons to be drawn into this litigation, and (2) given the nature of the suit and content of the copyrighted material, there

is the potential for improper influences to motivate the John Doe defendants into settling with the Plaintiff prior to litigation. Some courts faced with these issues have precluded or limited similar discovery requests, such as the Plaintiff's requests in this case. *See e.g. SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D .Cal. 2011) (stating "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes . . . Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed").

Certainly, this Court appreciates that, given the alleged salacious content of the pornographic material at issue, any person not involved with the unlawful downloading of the material would likely not want to be associated with this case, let alone be identified as a defendant. Further, this Court understands that, given the nature of the Internet and the variety of methods available to access the Internet, such as WiFi, it is likely that some of the customers identified by the discovery requests to the ISPs may not be the ultimate infringers upon Plaintiff's copyright. But clearly the identity of the ISP customer is relevant under Rule 26, in that it is "reasonably calculated" to lead to the identity of the infringer whether it is the ISP customer or some other individual. Therefore, the Court finds that any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that would warrant the Court to exercise its inherent power to govern these discovery matters by minimizing or prohibiting the otherwise legitimate, relevant, and probative discovery.

The true nature of the John Doe Defendants' objections to the Plaintiff's requested discovery is not who may be identified as the ISP customer, but rather what Plaintiff may do with that information. The John Doe Defendants assert that Plaintiff, and other similar producers of copyrighted pornography, have created a "business model" with this type of litigation to achieve lucrative settlements without the need for burdensome litigation efforts or costs (Dkt. No. 24 at 2). The John Doe Defendants argue that the "business model," labeled as a "copyright troll," is designed so that Plaintiff may initiate litigation against multiple John Doe Defendants[2], obtain the early requested discovery from the ISPs to identify the ISP customers, and then present the ISP customers with a situation akin to "Sophie's choice" – namely, to settle with Plaintiff for a nominal amount or be named as a defendant in this case and therefore faced with the financial burden and damage to their reputation associated with defending the case. The John Doe Defendants assert that the Court should limit Plaintiff's rights because this litigation is just the "tip of the proverbial iceberg" and that this type of litigation will soon become a common occurrence on the Court's docket (Dkt. No. 24 at 19-20). The John Doe Defendants request that the Court take an active role and utilize its inherent power to limit how Plaintiff may proceed in this case. Essentially, the John Doe Defendants are requesting the Court create a special

---

[2] The John Doe Defendants also assert that Plaintiff always files lawsuits against multiple John Doe defendants to avoid multiple filing fees in order to ensure, in essence, a higher profit return. Although this Court has determined that the joinder issue is not ripe at this time, another judge in this District has already examined the issue in a similar case and concluded that joinder is proper under these circumstances. *See Malibu Media, LLC v. Does 1-13*, 2:12-cv-177-FtM-29SPC, Report and Recommendation (Dkt. No. 22) (M.D. Fla. June 6, 2012).

6

exception under the Copyright Act for cases such as this in which the copyrighted material contains pornography.[3] The Court is simply not inclined to take such an inappropriate action.

Although this Court finds the John Doe Defendants' requested relief inappropriate, the Court is still mindful that there is a real and legitimate concern for a potential innocent ISP customer to be named as a defendant in this case. However, the Court disagrees with the John Doe Defendants in their assertion that Plaintiff's case is designed to coerce undue settlements by avoiding judicial review and allowing for an asymmetric exploitation of innocent victims (Dkt. No. 24 at 19). First, the John Doe Defendants' argument about coercive settlements is simply without any merit in those cases where the John Doe Defendant is represented by counsel. And, second, the John Doe Defendants' argument is misguided in that this type of case creates special circumstances that would require judicial review of any motivation to settle. Rather, parties settle cases routinely without judicial review of the parties motivation to settle, and the Court is not inclined to create a special proceeding to inform any particular John Doe Defendant of a right which is obviously commonly known, *i.e.* his or her right to defend and litigate this lawsuit. Additionally, procedural safeguards, such as Fed. R. Civ. P. 11, ensure that Plaintiff proceeds in good faith when identifying a John Doe as a defendant in this case. Further, Plaintiff has also indicated a willingness to accept additional procedural requirements to safeguard against the potential of an innocent ISP customer being identified as a defendant in this case. Specifically, during the hearing, Plaintiff stated that it would be amenable to keeping the names of the John

---

[3] The Court doubts that the John Doe Defendants' concerns would be as heightened and given as much attention by other courts if the alleged protected material was copyrighted music rather than pornography.

Doe Defendants confidential in an effort to engage in good-faith discussions prior to identifying a John Doe Defendant as a named defendant in this lawsuit.

Given Plaintiff's concession, the Court provided the parties with the opportunity to submit proposed limitations regarding the use and dissemination of the John Doe Defendants' personally identifying information. Following that, the parties submitted proposed protective orders (Dkt. Nos. 21, 22). Upon review of the proposed protective orders, the Court finds that only some of the proposed safeguards are warranted to prevent the unnecessary distribution of the John Doe Defendants' personally identifying information.[4] As such, the John Doe Defendants' request for a protective order or to quash the subpoena based on relevance or undue burden or expense is denied as detailed below.

With respect to Plaintiff's request for "direction" in how to proceed with the issuance of its subpoenas, the Court declines to issue such an advisory opinion. Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies," meaning that federal courts are limited to deciding issues presented in an adversary framework amenable to judicial resolution. *Miller v. F.C.C.*, 66 F.3d 1140, 1146 (11th Cir. 1995). When parties seek an advisory opinion, no justiciable controversy is presented to the court for resolution. *Id.* Here, Plaintiff merely seeks guidance on the appropriate procedure for issuing the subpoenas as well as identification of the appropriate court from which the subpoenas should issue. The Court will not advise Plaintiff in that regard. As Plaintiff issued the subpoenas outside

---

[4] The parties of course remain free to enter into confidentiality agreements that further limit or control the use and dissemination of information in this action.

8

of the Middle District of Florida, those courts may rule upon the validity of those subpoenas. *See* Fed. R. Civ. P. 45.[5]

Accordingly, after due consideration, it is hereby ORDERED:

1. John Doe 4's Motion to Sever & Dismiss and/or Issue a Protective Order (Dkt. No. 8) is DENIED AS MOOT.

2. Plaintiff's Motion for Direction and to Temporarily Enjoin Defendant From Filing Motion to Quash (Dkt. No. 9) is DENIED.

3. John Doe 3's Motion to Quash or Modify Subpoena (Dkt. No. 11) is DENIED.

4. John Doe 8 and John Doe 9's Motion to Sever, Dismiss, or Issue Protective Order (Dkt. No. 24) is DENIED.

5. To address issues relating to the identity of the John Doe Defendants, the parties shall adhere to the following procedures:

    a. Plaintiff shall immediately inform each John Doe Defendant who contacts Plaintiff or whom Plaintiff contacts that said John Doe Defendant has the right to obtain legal counsel to represent him or her in this matter and that anything said or provided by the John Doe Defendant can and likely will be used against him or her in this proceeding.

    b. Any John Doe Defendant who does not wish to be contacted by Plaintiff may at any time inform Plaintiff by phone or send Plaintiff's counsel a

---

[5] Plaintiff also requests to enjoin John Doe 4 from filing a motion to quash the subpoena in the District Court of New Jersey. Given Plaintiff's notice of settlement and dismissal as to John Doe 4, this issue is moot.

9

      letter or e-mail addressed to copyright@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."

  c. Plaintiff must notify the John Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the John Doe Defendant at least fourteen (14) calendar days prior to seeking issuance of a summons from the Clerk for the identified John Doe Defendant.

DONE AND ORDERED in Tampa, Florida, this 6th day of July, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies to:

Counsel of Record