**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br>                    **Plaintiff,**<br><br>                v.<br><br>**JOHN DOES 1-16,**<br>                    **Defendants.** | **CIVIL ACTION NO. 12-2078** |
| **MALIBU MEDIA, LLC,**<br>                    **Plaintiff,**<br><br>                v.<br><br>**JOHN DOES 1-14,**<br>                    **Defendants.** | **CIVIL ACTION NO. 12-2084** |
| **MALIBU MEDIA, LLC,**<br>                    **Plaintiff,**<br><br>                v.<br><br>**JOHN DOES 1-22,**<br>                    **Defendants.** | **CIVIL ACTION NO. 12-2088** |

**ORDER FOR EXPEDITED PROCEEDINGS
<u>LEADING TO BELLWETHER TRIAL</u>**

**AND NOW**, this 3rd day of October, 2012, for the reasons set forth in the accompanying

Memorandum, it is hereby **ORDERED** that the Court establishes the following pretrial schedule:

1.      All of the following pending Motions filed by the John Doe defendants are

**GRANTED** in part and **DENIED** in part:

(a)      In Civil Action No. 12-2078, John Doe #16's Motion to Dismiss and/or

Sever Complaint and, in the Alternative, Motion to Quash Subpoena

(ECF No. 9).

(b)      In Civil Action No. 12-2084, John Doe #6's Motion to Quash Subpoena

and/or Sever (ECF No. 12).

(c)     In Civil Action No. 12-2088, John Doe #1's Motion to Dismiss and/or

Sever Complaint and Quash Subpoena (ECF No. 14), John Doe #13's

Motion to Dismiss and, in the Alternative, to Issue a Protective Order and

Motion for Leave to Proceed Anonymously (ECF No. 9), and John Doe

#14's Motion to Vacate Order Granting Leave to File Subpoena, to Quash

Subpoena, and, Alternatively, for Protective Order (ECF No. 10).

The Motions to Dismiss, Quash and/or Sever are **DENIED** without prejudice.  The Motions to

Proceed Anonymously and/or for a Protective Order are **GRANTED**.  The parties shall redact or

otherwise protect the identities of the John Doe defendants in any filings with the Court.  The

results of discovery may only be used for purposes of this case.

2.      These cases will proceed against the following John Doe defendants only:

(a)     John Doe #16 in Civil Action No. 12-2078.

(b)     John Doe #6 in Civil Action No. 12-2084.

(c)     John Does #1, #13, and #14 in Civil Action No. 12-2088.

3.      These John Doe defendants will be referred to collectively as "Defendants" in this

and all future Orders.

4.      Within ten (10) days, Plaintiff shall effectuate service of the Complaint on the

Defendants and file an affidavit of service or memorandum advising the Court as to why service

has not been made on any Defendant, and how Plaintiff intends to proceed with regard to that

Defendant.

5.      Defendants shall answer, plead, or otherwise move in response to the Complaint

within fourteen (14) days of service.

6.      The parties shall serve initial discovery requests for production of documents and interrogatories within fourteen (14) days of service of the Complaint on a Defendant.

7.      Within fourteen (14) days of service of written discovery, the parties shall serve any objections to the written discovery and, within seven (7) days thereafter, shall confer to attempt to resolve objections, and discuss additional discovery requests.  All parties shall answer interrogatories and produce documents as to which there are no objections, as promptly as possible.

8.      On November 30, 2012, at 10:00 a.m. in Courtroom 3A, the Court will hold a Rule 16 pretrial conference with counsel and any party proceeding *pro se*.  At least five (5) days prior to the conference, Plaintiff shall initiate discussions with all parties as to the topics in Rule 26(f), and no later than the day prior to the conference, Plaintiff shall file a report as to those discussions.  At the conference, the Court will rule on any disputes about discovery and set deadlines on the following:

      (a)      Service of expert report(s) by Plaintiff.

      (b)      Service of expert report(s) by Defendants.

      (c)      Completion of all fact and expert discovery.

      (d)      Deadline for filing dispositive motions.

      (e)      Oral argument on all outstanding motions.

9.      The Court sets April 2, 2013 as the date for a Bellwether trial.  Dates for filing pretrial memoranda and a final pretrial conference will be scheduled.

10.     All other proceedings in the captioned cases are **STAYED** pending further Order of the Court.

**BY THE COURT:**

/s/ Michael M. Baylson

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 12\12-2078 Malibu Media v. John Does 1-16\12cv2078.2084.2088.order.10.3.12.wpd