UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No. 2:12-cv-02084-MMB
Plaintiff, :
:
vs. :
:
JOHN DOES 1-14, :
:
Defendants. :
:
---------------------------------------------------------------X

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
SECOND MOTION FOR EXENTION OF TIME [DKT. 29]**

1.     On May 23, 2012, Plaintiff served a subpoena on the Defendants' Internet Service Providers ("ISPs") demanding that the ISPs identify the John Doe Defendants.

2.     After being notified that their identities had been subpoenaed, Defendant John Doe 6 filed various motions opposing the subpoenas.

3.     During the pendency of the John Doe Defendant's motions, the ISP refused to produce the John Doe Defendant's identity to Plaintiff.

4.      On October 3, 2012, the Court entered an order [CM/ECF 24, (the "Order")] denying John Doe 6's motions.

5.     The Order also required Plaintiff to serve the John Doe Defendants by October 13, 2012.

6.     Following the Court's order, Plaintiff notified the ISPs that John Doe Defendant 6's motions had been denied.  And, Plaintiff again demanded that the ISPs produce the John Doe Defendant's identities.  In response to this demand, Plaintiff expects the ISPs will produce the John Doe Defendant's identities to Plaintiff in due course.  To date, Plaintiff does not have the

1

identities. But, Plaintiff hopes to have the John Doe Defendant's identity shortly. Finally, Plaintiff contacted the ISPs again today to encourage them to submit the information to Plaintiff in an expedited matter.

7. Through the subject motion for extension, Plaintiff requests an additional thirty (30) days to serve the John Doe Defendants. Under Rule 4(m), a party is given one hundred and twenty days (120) from the time it files suit to serve the Defendants. This case is unusual insofar as Plaintiff started the suit without the information necessary to serve the Doe Defendants.

8. As soon as Plaintiff obtains the Defendants' identifying information, Plaintiff will attempt to the serve the Doe Defendants.

9. While Plaintiff welcomes the Bellwether trial, the Doe Defendant's Opposition to the subject motion evinces their desire to win through procedural gamesmanship instead of on the merits.

10. At the hearing on the John Doe Defendant's motion, this Court requested that counsel for the John Doe Defendants accept service on their behalf. To date, Defendant's counsel has not identified his client and has not accepted service on his client's behalf.

11. Obviously, the John Doe Defendants can identify themselves and the Doe Defendants know we are attempting to serve them.

12. The Doe Defendants' argument against enlarging the time period within which Plaintiff is permitted to serve them evinces their intent to avoid the Bellwether trial and instead to base their defense, like they did with their initial motions, on procedural arguments made in bad faith.

13. While Defendant's actions make clear that they do not want to proceed with the Bellwether trial, Plaintiff welcomes the opportunity to try this case on the merits.

14. Toward that end, the schedule entered by the Court presupposes that the parties will litigate in good faith and cooperatively. Indeed, the entire time line is collapsed into an unusually short period of time.

15. To make this time line work, each party has to act reasonably now and throughout the litigation. The goal ought to be to ferret out the facts and get ready for trial. Plaintiff would like to proceed along that course and is diligently pursuing this course of the action.

16. The subject motion is only necessary because the John Doe Defendants are playing a game aimed at remaining hidden for as long as is possible. And, it appears as if they will continue to litigate in a fashion aimed at making bad faith procedural arguments as opposed to arguing the case on merits.

17. The Court should not allow the John Doe Defendants to misuse the process in this manner. Instead, the Court should enlarge the time within which Plaintiff can serve the Doe Defendants so that the parties can have a trial on the merits which is the purpose of the Bellwether trial.

18. Indeed, the Bellwether trial is an exceptional opportunity for Plaintiff to demonstrate that the Defendants are liable for the infringement. Denying Plaintiff this right by dismissing any of the Doe Defendants would be a miscarriage of justice and undermine the purpose of the Bellwether trial in the first instance.

19. Moreover, since any such dismissal would necessarily be without prejudice, it would simply delay this matter indefinitely. To wit: Plaintiff would simply refile the case against any such dismissed John Doe Defendant individually, move for leave to serve the John Doe Defendant's ISP with a subpoena, that motion would be granted, and the parties would ultimately end up in the same place.

20. Any such course of action would only delay the process, and this Court should summarily reject this sort of procedural non-sense.

21. Further, Defendant's request for monetary sanctions and attorney's fees is absurd and not predicated on any rule or statute.

22. For the foregoing reasons, Plaintiff's Motion to Enlarge should be granted, and Plaintiff will use its best efforts to serve the John Defendants as quickly as is possible.

WHEREFORE, Plaintiff respectfully requests that its Motion to Enlarge be granted.

DATED this 17th day of October, 2012

    Respectfully submitted,

    FIORE & BARBER, LLC

By:   /s/ *Christopher P. Fiore*
    Christopher P. Fiore, Esquire
    Aman M. Barber, III, Esquire
    Attorneys for Plaintiff
    425 Main Street, Suite 200
    Harleysville, PA 19438
    Tel: (215) 256-0205
    Fax: (215) 256-9205
    Email: cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Christopher P. Fiore*