**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------X
                                                          :
MALIBU MEDIA, LLC,                                        :
                                                          :        Civil Action No. 2:12-cv-02084-MMB
                              Plaintiff,                  :
                                                          :
              vs.                                         :
                                                          :
JOHN DOES 1-14,                                           :
                                                          :
                              Defendants.                 :
                                                          :
-----------------------------------------------------------------X

**MEMORANDUM ADVISING THE COURT AS TO WHAT CONTACT PLAINTIFF**
**HAS HAD WITH THE ISP CONCERNING THE SUBJECT MATTER OF THE**
**COURT'S OCTOBER 3, 2012 ORDER AND ANY FOLLOW UP**

## I.        INTRODUCTION

Plaintiff has each of the Defendants' identities.  One Defendant has been served and the others are in the process of being served.  Plaintiff filed its complaint on April 19, 2012 against fourteen John Doe defendants.  On May 23, 2012 Plaintiff served a subpoena on the Defendants' Internet Service Providers demanding that the ISPs identify the John Doe Defendants pursuant to the Court's May 18, 2012 Order.  On September 18, 2012 the Court held a hearing regarding motions to quash the subpoena filed by John Doe Defendants and on October 3, 2012 the Court entered an Order denying the motion in part and ordering Plaintiff to serve the Defendants by October 13, 2012.

Plaintiff, having not received the names of the Defendants from the ISPs, filed for an extension of time on October 15, 2012.  Defendant filed its objection to the extension of time on October 16, 2012 and Plaintiff filed its response.  On October 17, 2012 the Court issued an Order granting in part Plaintiff's second motion for extension of time ordering Plaintiff to file a

1

memorandum and certificate under oath subject to the penalties of perjury advising the Court, in detail, with the names and dates, what contact Plaintiff has had with any ISP concerning the subject matter of this Court's October 3, 2012 Order, and any follow-up.

## II.    FACTS

On October 3, 2012 the Court entered an Order denying Defendants' motion in part, and Ordering Plaintiff to serve the John Doe Defendants within 10 days. At that time, my office was under complete reconstruction due to a flood caused by a burst pipe. My staff was required to work remotely from a variety of locations with minimal access to files. Under these circumstances, an apparent communications breakdown resulted in a legal assistant failing to email or communicate with a paralegal. Generally, a legal assistant intakes orders from the Court, records them in the files, calendars all deadlines, and then if necessary, emails them to the paralegal responsible for subpoena intake/outtake. I have implemented such organizational procedures in an attempt to ensure the effective and smooth operation of the law firm. My paralegal was supposed to contact Chris Fiore to coordinate efforts to obtain Defendants' names from the ISPs. This was supposed to happen, and generally does happen, automatically.

As soon as I became aware of the Court's Order, I immediately began contacting my clients to advise them of the situation. After analyzing the evidence against the Defendants, I notified my clients that we would receive the names, serve the Defendants, and proceed to trial. On October 8, 2012 my staff and I were able to move back into the office and resume usual operation. On October 11, 2012, I held a staff meeting and addressed the issue of service in these cases. I was informed by my staff that the ISP responses had not been received and that we were waiting on the names of the Defendants. This is not unusual since it often takes the ISPs two to three weeks to provide my staff with the identities of the Defendants. The paralegal

responsible for communicating with Chris Fiore about the subpoenas was absent but the entire rest of the staff was present.  Because the deadline to serve fell on a Saturday, I instructed my staff to file an extension the following Monday if we had not received the names.  All staff were operating under the belief that the Order had been sent to the ISPs.  Again, because this is generally an automatic procedure there was no reason to believe that the Order had not been sent.

The following Monday, October 15, 2012, Plaintiff's Second Motion for Extension of time was filed.  The next day, another staff meeting was held and I was informed we still had not received the names but that the paralegal responsible for intake/outtake would immediately follow up and that we had sought an extension.  On Wednesday morning, October 17, I was informed by an attorney that Defendants had filed objections to our extension and included an affidavit stating they spoke with Comcast and Comcast informed them they had not received the Order.

Surprised by this, we instantly investigated and found out that the process error had occurred.  A paralegal immediately sent an email to Chris Fiore telling him to send this Court's Order to the ISPs. Chris Fiore replied and agreed to serve the order.  Under the belief and expectation that the Order had been forwarded, undersigned drafted Plaintiff's Reply to Defendant's Opposition and it was filed by undersigned's paralegal using Chris Fiore's signature block. See Malibu Media, LLC v. John Does 1-14, 2:12-cv-02084-MMB [DKT. #32].  Although his email indicated it was being done immediately, Chris Fiore did not send the order to the ISPs on Wednesday, October 17, 2012.  On Thursday October 18, 2012, undersigned found out that the Order had not been sent and immediately caused the Orders to be sent to the ISPs from this office.  A paralegal contacted Kendall Thompson at Comcast and Laura Rebecca Barron at Verizon.  We notified them that the matter was urgent and they responded quickly to our request.

Because of this, no motion to compel is necessary.  We have received the information from the ISPs for all Defendants.  John Doe 16 in case 2:12-cv-02078 was served on Saturday October 20, 2012.  All other Defendants are in the process of being served. Indeed, Tom Fredericks, our service processor, is attempting to serve each of them now.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the facts stated in the foregoing memorandum are true and correct.

Executed on this 23rd day of October, 2012.

**M. KEITH LIPSCOMB**

By:___ */s/ M. Keith Lipscomb*_____

Dated: October 23, 2012

Respectfully submitted,

By: */s/ M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ M. Keith Lipscomb*