**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------------------------X
                                            :
MALIBU MEDIA, LLC,                          :
                                            :        Civil Action No. 2:12-cv-02084-MMB
                        Plaintiff,          :
                                            :
            vs.                             :
                                            :
JOHN DOES 1-14,                             :
                                            :
                        Defendants.         :
                                            :
-----------------------------------------------------------------X
```

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOHN DOE SIX'S MOTION FOR SANCTIONS

### I.  INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's motion for sanctions. Defendant's motion violates the Federal Rules of Civil Procedure and Third Circuit precedent for failing to comply with the twenty one day safe harbor set forth in Rule 11.  For this reason alone Defendant's motion must fail.  Further, Plaintiff's counsel has not acted in bad faith and Defendant's claims are disingenuous.  Plaintiff's counsel understands that good faith errors were made.  Undersigned and Mr. Lipscomb have discussed and implemented measures to prevent such mistakes in the future.  Plaintiff's counsel have high respect for the procedures set forth by this Court and Plaintiff will put forth significant effort and resources to effectuate the accelerated time frame towards making this litigation as efficient as possible for all parties involved.

1

## II.   DEFENDANT FAILED TO COMPLY WITH THE 21 DAY SAFE HARBOR

Fed. R. Civ. P. 11(c)(2) requires that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."  Here, Defendant never served the motion on Plaintiff.  Indeed, Defendant did not and could not do so because the alleged claims were cured before Defendant even filed his motion.

> A party seeking sanctions under Rule 11 first must serve—but not file—the motion for sanctions upon the party against whom sanctions are sought as provided by Rule 5. If corrective action is taken, the question of sanctions becomes moot. The moving party may file the motion with the district court only if, after twenty-one days, the party against whom sanctions are sought has not corrected or withdrawn the allegedly offending papers.

FPP, § 1337.2 The Safe Harbor Provision, 5A Fed. Prac. & Proc. Civ. § 1337.2 (3d ed.) (Emphasis added).  Under Third Circuit binding precedent, "if the twenty-one day period is not provided, the motion must be denied."  In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) (emphasis added); see also Cannon v. Cherry Hill Toyota, Inc., 190 F.R.D. 147, 159 (D.N.J. 1999) (denying motion for sanctions for failing to follow the safe harbor provision); Whitney v. Marut, CIVA 1:07CV0089, 2008 WL 542968 (M.D. Pa. 2008) (same); Omega Sports, Inc. v. Sunkyong Am., Inc., 872 F. Supp. 201, 203 (E.D. Pa. 1995) (same).

Here, Defendant did not provide Plaintiff with the 21 day safe harbor.  This is because, as Defendant is well aware, Plaintiff had already cured the alleged claims prior to the filing of Defendant's motion.   Defendant asks the Court to sanction Plaintiff for clerical errors and slight transgressions, yet in doing so, Defendant files a procedurally deficient and moot motion, needlessly wasting resources in a case that is already under tight deadlines.

### III.   PLAINTIFF HAS NOT ACTED IN BAD FAITH

Considering the substance of Defendant's argument, Plaintiff admits that it has made a series of slight transgressions.  As explained in its Memorandum by Plaintiff's counsel Keith Lipscomb, undersigned and co-counsel experienced a series of communication errors both between each other and with our staff.  See DE 34.  At no point in time did either counsel attempt to misrepresent to this Court the situation regarding service with the Doe Defendants. As soon as it was realized that there had been an error regarding submitting the Court's Order to the ISPs, Plaintiff's counsel immediately moved to receive the Defendant's information and swiftly serve each of the Defendants in a short period of time.

Plaintiff's counsel is also regrettably aware that for a period of two and a half hours on a Friday evening the Defendants' names were available via pacer.  On October 26, 2012, Plaintiff's deadline to serve, Plaintiff had still not received the affidavits from its process server, despite the process server confirming to Plaintiff that each Defendant was served.  Plaintiff's counsel instructed its staff to file a notice with the Court that the Defendants had been served so that there was no confusion as to whether Plaintiff had met the service deadline.  Plaintiff's counsel's staff did so at the end of the work day, after still not receiving the affidavits.  While Plaintiff's counsel had advised its staff of the protective order when requesting the summons, the staff had accidently overlooked it at 8pm on that Friday, eager to show to the Court that it had complied with the service deadline.

At approximately 10:30 pm that evening, upon receiving an email from Defendant's counsel, a paralegal for Keith Lipscomb called the emergency help desk for the Eastern District of Pennsylvania and informed them a major error had been made.  She spoke with the on duty clerk and explained the situation.  The clerk informed her that an attorney with the last name of

3

Russell had called and requested redaction of the notice for this case with the judge's clerk. At this time the documents for the other Defendants were still available. Lipscomb's paralegal provided him with the case numbers, docket information, and again stressed the urgency and gravity of the problem. After a few minutes the clerk was able to redact the other documents.

Undersigned and Mr. Lispcomb sincerely regret that the names were available through pacer for two and half hours on that Friday night. This is evident by the quick and immediate response upon learning of the error to correct and redact the additional documents. Undersigned and Mr. Lispcomb are grateful to defense counsel for notifying of the error, but firmly state that Defendant's accusations of bad faith are entirely unwarranted. Plaintiff's counsel have taken the errors and mistakes seriously, instructed their staff of the consequences, and have set forth procedures so that the case moves forward timely and efficiently.

## IV. DEFENDANT IS ATTEMPTING TO DISTRACT THE COURT FROM HIS INFRINGEMENT

Plaintiff respectfully suggests that Defendant is engaging in a game of "gotcha" litigation to discredit Plaintiff and hide the serious copyright infringement at issue. On July 5, 2012 Defendant filed a motion to quash the subpoena and/or sever. See DE 11. In support of his motion, Defendant filed a declaration in which he declared under penalty of perjury that his password was unprotected, but since learning of this action he has secured his guest wireless network. See DE 13. On November 2, 2012 Plaintiff filed its amended complaint against Defendant, adding Plaintiff Patrick Collins Inc. and including an extra infringement by Plaintiff Malibu Media which occurred on July 2, 2012. Defendant's declaration was filed on July 3, 2012.

Plaintiff finds it incredibly hard to believe that in just one day Defendant learned of this action, hired an attorney, and prepared his declaration. Plaintiff's investigator has further

4

provided Plaintiff with evidence, via its cross reference tool which scans the entire Internet for all BitTorrent infringement, that Defendant has continued to infringe up and until October 19, 2012 numerous copyrighted works including popular books, movies, games, and a multitude of adult content.   Indeed, many of Plaintiff Patrick Collins, Inc's movies that are pending registration and therefore not a subject of this suit, continued to be infringed.   Interestingly, the suit acted as a substantial deterrent to stop Defendant from downloading Malibu Media's work, but Defendant continued to unabashedly download all other content.  Defendant's frivolous and moot motion is simply an attempt to discredit Plaintiff and make Plaintiff appear unethical and disingenuous in the eyes of the Court.

## V.      CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the Court deny the subject motion.

DATED this 15th day of November, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:    /s/ Christopher P. Fiore
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ Christopher P. Fiore